**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY D. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 1:26-cv-00046-SEP |
| ELIZABETH WILSON and | ) | |
| MINDY SORBELLO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are self-represented Plaintiff Zachary D. Lee's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], and Motion to Appoint Counsel, Doc. [3]. Having reviewed the filings, the Court grants the Application, assesses an initial partial filing fee of $1, denies without prejudice the Motion to Appoint Counsel, orders the issuance of service on Defendants Elizabeth Wilson and Mindy Sorbello in their individual capacities, and dismisses Plaintiff's claims brought against the same Defendants in their official capacities.

**28 U.S.C. § 1915(b)(1)**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action is required to pay the full amount of a filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of 20% of the greater of the average monthly deposits to the prisoner's account and the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in his account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. The Court will therefore require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff filed this § 1983 action against Defendants Elizabeth Wilson and Mindy Sorbello, alleging they were deliberately indifferent to his serious medical needs at Southeast Correctional Center (SECC). Doc. [1] at 2-5. Plaintiff identifies Elizabeth Wilson as the Acting

Director of Nursing at Centurion LLC, and Mindy Sorbello as a Nurse at Centurion LLC. Doc. [1] at 2-3. He sues both in their individual and official capacities. *Id.*

Plaintiff states that on August 17, 2025, another inmate broke his nose in a fistfight. Doc. [1] at 4. Defendant Sorbello treated Plaintiff's injuries and told him that his nose looked broken or he had a deviated septum. *Id.* Plaintiff states that Sorbello ordered facial x-rays, but he did not get facial x-rays for more than five months. *Id.* at 10. Plaintiff alleges his nose healed broken and now requires surgical repair, and that he cannot breathe properly through it. *Id.* at 4-5. In addition to physical pain, he claims to have suffered humiliation and mental anguish. *Id.* at 4. For relief, he seeks surgical repair of his nose and $500,000 in damages. *Id.* at 7.

## DISCUSSION

Under the Eighth Amendment, the government has an obligation to provide medical care to its incarcerated population. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). Whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, the plaintiff must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *see also Davis v. Buchanan Cnty., Mo.*, 11 F.4th 604, 624 (8th Cir. 2021). According to Plaintiff, he suffered from a broken nose, requiring x-rays, but the x-rays took more than five months to obtain, resulting in his nose healing incorrectly. Doc. [1] at 4. "Elizabeth Wilson failed to address that my nose was broke[n] and allowed my nose to heal broke[n] instead of making them do emergency x-rays or send me to a hospital to have them do it instead of waiting 6 months . . . ." *Id.* Now, Plaintiff alleges his nose requires surgery so that he can breathe properly. *Id.* Liberally construed, Plaintiff's allegations state a plausible claim for deliberate indifference to his serious medical needs against Defendants Wilson and Sorbello. Service will issue on those Defendants in their individual capacities.

Plaintiff's official capacity claims against Defendants will be dismissed, however. An official capacity claim against an employee is actually a claim against the employer, here Centurion. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To support a claim against such a corporation under § 1983, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Plaintiff does not allege that any policy, custom, or failure to train on the part of Centurion caused his injuries. Therefore, he cannot maintain a § 1983 action for liability against Defendants Wilson and Sorbello in their official capacities.

## Motion to Appoint Counsel

Plaintiff asks the Court to appoint him counsel. That motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing the factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. And neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs is **GRANTED**, Doc. [2].

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the Complaint pursuant to the service agreement the Court maintains with Centurion as to Defendants Elizabeth Wilson and Mindy Sorbello in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Elizabeth Wilson and Mindy Sorbello brought in their official capacities are **DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's motion to appoint counsel, Doc. [3], is **DENIED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE